UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINONYERE OSUAGWU,

    Plaintiff,

v.                                                Civ. No. 11-0001 MV/DJS

GILA REGIONAL MEDICAL CENTER;
JOHN DOE; JANE DOE,

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings* [Doc. 8] this matter was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. Now before the Court is pro se plaintiff Dr. Chinonyerem Osuagwu's *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Motion for IFP") [Doc. 2], filed January 3, 2011. The Court recommends the motion be **DENIED**.

Because Dr. Osuagsu seeks to proceed *in forma pauperis*, the Court must "review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Because Dr. Osuagwu's financial affidavit contained inconsistencies that precluded a facial finding of indigency,[2] and because he had over $4,300 in his bank account at the time he filed the affidavit, the Court held a hearing on the matter on January 27, 2011. Dr. Osuagwu is not married and he has no dependents. He owns two houses in New York (one in Staten Island and the other in Brooklyn) that he valued at $785,000 on his financial affidavit, *see* Doc. 2 at 3, but which he testified at the hearing were worth probably around $965,000. On his financial affidavit, Dr. Osuagwu swore that, although he had received $3,726/month in rental income on those properties last year, he now receives no income from them. *See id.* at 1. At the hearing, however, Dr. Osuagwu stated that he received $2,100/month on the Staten Island house until October 2010, that he is in the process of evicting those tenants, but that he continues to receive $3,500/month in rental income from the Brooklyn property. He stopped paying the mortgage on his Staten Island property

---

[2] For example, Dr. Osuagwu stated that he had no income from an employer in the past two years, but his Complaint indicated that he worked for a Silver City women's clinic and that he did not lose his hospital privileges until March 2009. He also stated that his expenses exceeded his income every month by $4,471, but he had $4,300 in the bank and listed no debt other than a credit card and for federal taxes on an installment plan. He did not explain on the affidavit why he no longer received rental income.

three months ago, but he states that the $3,500/month he receives from the Brooklyn rental income is not enough to both pay the mortgage on that house and to support himself. At the hearing, Dr. Osuagwu stated that he still has approximately $2,000 in his bank accounts.

Dr. Osuagwu did not indicate at the hearing the amount that he pays for the Brooklyn mortgage, but he stated that he pays $500/month rent for a studio apartment in Albuquerque. On his financial affidavit, he states that he pays a total of $2,371.75 for "rent home-mortgage payment" including taxes and insurance. [Doc. 2 at 4.] He claims that he pays $720/month for utilities, an amount that does not appear credible to the Court for a studio apartment. He lists $500/month in expenses for food, but the national average cost for food for a man in Dr. Osuagwu's age group on a thrifty plan is only around $201, *see* Official USDA Food Plans, Average for November 2010, located at http://www.cnpp.usda.gov. He states that he spends $100/month on gasoline, $100/month for clothing, and $20/month for recreation and that he lives on a "shoestring" budget, but he apparently does not make use of our public transportation system and it is difficult to understand why an unemployed person[3] would need to buy new clothing every month.

Based on his cash assets and his income of $3,500/month and what are reasonable expenses for the necessities of life, the Court finds Dr. Osuagwu has failed to demonstrate that he cannot because of his poverty pay or give security for the costs and still be able to provide himself with the necessities of life. At the hearing, Dr. Osuagwu asked if he could proceed to immediately pay his filing fee so that his case could move forward without delay, subject to a right to receive reimbursement if the Court finds that he is entitled to proceed IFP. The Court instructed Dr. Osuagwu that he was certainly permitted to pay the filing fee, and indicated that, based on the

---

[3] Dr. Osuagwu states that he still holds medical licenses in New Mexico and New York, but that he has not worked in any capacity since losing his hospital privileges in Silver City in 2009.

information in the record, payment of the filing fee would be a wise course of action. The docket indicates that Dr. Osuagwu has now paid the filing fee. [Doc. 6.]

The Court recommends that Dr. Osuagwu's motion to proceed IFP [Doc. 2] be denied.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE