IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINONYEREM OSUAGWU,

    Plaintiff,

vs.                                                                            Cause No. 1:11-cv-1 MV/DJS

GILA REGIONAL MEDICAL
CENTER, JOHN DOE, and JANE DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Gila Regional Medical Center's *Motion to Dismiss for Insufficiency of Service of Process*, filed March 9, 2011 [Doc. 16] and on pro-se Plaintiff Dr. Chinonyerem Osuagwu's *Motion for Default Judgment*, filed March 10, 2011 [Doc. 17]. Having considered the parties' briefs and the applicable law, I find that Osuagwu has never properly effected service on Gila Regional but that Osuagwu still has time to properly serve Gila Regional. Accordingly, I conclude that both motions should be DENIED and that Osuagwu shall be given thirty days to properly effectuate service or the Amended Complaint will be dismissed.

### I.    PROCEDURAL BACKGROUND

Osuagwu filed an Amended Complaint against Gila Regional, which is a county-owned hospital, on January 27, 2011. *See* Am. Compl.(Doc. 7) at ¶ 8. A deputy from the Sierra County Sheriff's Department attempted to serve the Amended Complaint on Gila Regional on February 1, 2011, by attempting to leave a copy of the summons and Amended Complaint with the Human Resources Department, but Barbara Barela, its Director, refused service and informed the deputy that she "had been instructed not to accept papers." Doc. 14 at 4. Carrie Young, Gila Regional's Chief Compliance Officer, later informed the deputy that, because the hospital is county owned, service of process was improper on any hospital officer, employee, or department. *See* Doc. 16, Ex.

A at 2.  Upon learning that Human Resources had refused service, Osuagwu instructed the sheriff's department to re-attempt service, and if it was again refused, to "leave the documents on Defendants' premises, in the presence of the hospital staff on whom service is being made . . . ." Doc. 14 at 5.  The deputy again attempted service of process on February 16, 2011.  *See id.* at 1.  Ms. Barela swears in an affidavit that the deputy did not personally serve her, but left a copy of the summons and complaint on the Human Resources Department's Assistant's desk.  Doc. 22, Ex. A at 1-2.

On March 9, 2011 Gila Regional filed a pre-answer motion to dismiss for insufficient service of process under FED. R. CIV. P. 12(b)(5) and FED. R. CIV. P. 41(b).  It contends that Osuagwu has not complied with FED. R. CIV. P. 4(j)(2)(B), which requires that, when suing any "state-created governmental organization," service of process must be made either upon the governmental entity's chief executive officer or by a means allowed under state law, which in this situation is found in N.M.R.A. 1-004(H)(1)(f) (requiring service of process regarding a suit against a county to be made upon the county clerk).

## II.     ANALYSIS

### A.  The motion for default judgment.

A pro se plaintiff is required to "follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  FED. R. CIV. P. 55 provides for entry of default when a party "fail[s] to plead or otherwise defend as provided by these rules." "Undisputedly, absent good service, the Court has no *in personam* or personal jurisdiction over a defendant" to enter a default judgment.  *Deville v. Wilson*, No. 06-8044, 208 Fed. App'x 629, 631, 2006 WL 3570224, **2 (10th Cir. Dec. 11, 2006).  A duty to answer a complaint arises only if the defendant has actually been "served with the summons and complaint."  FED. R. CIV. P. 12(a)(1)(A).

Here, Gila Regional has conclusively established, and Osuagwu has not presented any evidence to the contrary, that Gila Regional was not properly served because Osuagwu failed to serve the county clerk with the summons and complaint as required by FED. R. CIV. P. 4(j)(2)(B) and N.M.R.A. 1-004(H)(1)(f).  Although Osuagwu argues that leaving the summons and amended complaint in Barela's office was proper because she is "presided over" by Gila Regional's CEO, the rules require service upon either a "governmental organization's" CEO - and a county does not have a CEO[1]; or by the method provided under state law, which, in New Mexico, is service of process on the county clerk.

---

[1] The parties both state that Gila Regional is a county-owned hospital, and therefore implicitly concede that it is an arm of the county under New Mexico's Hospital Funding Act and is not a separate entity. *Cf. Nieto v. Kapoor*, 268 F.3d 1208, (10th Cir. 2001) (noting that "ENMMC was owned by Chaves County, New Mexico, and operated pursuant to and under the New Mexico Hospital Funding Act for governmental hospitals.  The hospital utilized its governmental entity status to avoid paying jury fees in civil litigation and to invoke the benefits and protections of the New Mexico Tort Claims Act . . .); *Nieto v. Kapoor*, No. 96cv1225 MV/LCS, 210 F.R.D. 244, 247 (D.N.M. Sept. 30, 2002) (allowing plaintiff to amend complaint to substitute County for ENMMC because "[i]t is undisputed that the County has the ultimate responsibility for any liabilities incurred by ENMMC, and that the entity of ENMMC no longer exists."), *Mealand v. E.N.M.M.C.*, 131 N.M. 65, 74, 33 P.3d 285, 294 (Ct. App. 2001) (noting that plaintiff had raised genuine issue of material fact whether "ENMMC is a public hospital and whether its management acted under color of state law in dismissing Plaintiff and by reporting her alleged misconduct to the Board of Nursing"). Therefore, the county should be served as the "governmental organization that is subject to suit," under FED. R. CIV. P. 12(j)(2)(A), and not the hospital.  A county does not have a "CEO" - rather it is ruled by a Board of County Commissioners.  Thus the only proper method to serve the county is apparently by serving process to the county clerk under N.M.R.A. 1-004(H)(1)(f), 1-004(H)(2) and 1-004(E)(3).   The Court takes judicial notice, however, that Gila Regional has entered its appearance recently as a creditor in its own name in a bankruptcy case in this District, *see In re Lobera*, No. 7–10–13203 SL, 2011 WL 941331 at *1 (Bkrtcy. D.N.M. Mar. 16, 2011) (noting that Gila Regional as a creditor of the bankruptcy estate filed a motion to dismiss the bankruptcy case), giving rise to the question whether it perhaps may statutorily be allowed to sue or be sued as a separate entity.  If so, then its CEO could be personally served with process under FED. R. CIV. P. 4(j)(2)(B).  But the deputy did not personally serve its CEO, so service is still insufficient in this case.  If Osuagwu serves process on the county clerk in the future, as urged by Gila Regional, Gila Regional will be judicially estopped from asserting that it is, in fact, a "governmental organization" and entity separate from the County.

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Gila Regional had no duty to file an answer to the Amended Complaint because it was never properly served, and I must therefore deny the motion for default judgment. *See Lasky v. Lansford,* No. 03-2070, 76 Fed. App'x 240, 241, 2003 WL 22147619, *1 (10th Cir. Sept. 18, 2003) (affirming denial of motion for entry of default judgment because plaintiff had failed to properly serve defendant).

Further, a motion to dismiss for failure of service of process is a proper defense motion under FED. R. CIV. P. 12(b)(5), and the service of such a motion alters the period for answering the complaint until after the Court either denies the motion or "postpones its disposition." FED. R. CIV. P. 12(a)(4)(A). In this case, because the record reflects that Gila Regional filed a defense motion before any answer was due, even if it had been properly served, it was not in default. *See Moomchi v. Univ. of N.M.*, No. 95-2140, 72 F.3d 138 (Table), 1995 WL 736292, *1 (10th Cir. Dec. 3, 1995) (unpublished) (affirming denial of motion for default judgment because defendant filed a motion to dismiss for insufficient service of process within twenty days that service of suit was attempted).

**B. The motion to dismiss.**

For the same reasons, Gila Regional's defense of insufficient service of process has merit, but that does not mean that the Court must dismiss the suit. The burden of "establishing the validity of service of process" is on the plaintiff. *FDIC v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Osuagwu totally failed to show that he properly served Gila Regional by serving the summons and amended complaint upon the county clerk. Although it is difficult to understand why Osuagwu did not simply again attempt to properly serve the county clerk after being notified of that requirement by the motion to dismiss, Osuagwu is still within the 120-day window of service provided in FED. R. CIV. P. 4(m), which will not expire until May 27, 2011. Gila Regional's

arguments that I should dismiss this case outright under Rule 4(m) because Osuagwu has not shown good cause for failing to properly serve it are therefore not applicable and the case it relies on, *Punchard v. Luna County Com'n*, No. 97-2029, 116 F.3d 489 (Table), 1997 WL 346032 (10th Cir. June 24, 1997), does not support its position.  In *Punchard*, after denying the plaintiff's motion for default judgment and instructing him how to effectuate proper service upon a county, the district court gave the plaintiff an opportunity to properly serve the defendant because the 120-day window provided in Rule 4(m) had not expired.  *See Punchard*, 1995 WL 346032 at *1.  When the plaintiff still failed to properly serve the defendants eight months later, the court issued an order to show cause why the complaint should not be dismissed and ultimately dismissed the complaint without prejudice.  *See id.*  The Tenth Circuit has concluded that a "district court abuse[s] its discretion when it dismisse[s]" a complaint for insufficient service of process under FED. R. CIV. P. 4(j)(2) within the 120-day period.  *See Thomas v. Office Of Juvenile Affairs*, No. 03-6121, 123 Fed. App'x 951, 952, 2005 WL 428917, *1 (10th Cir. Feb. 24, 2005).

     Although neither party mentions it, "[t]he general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983)); *and see Lasky*, 76 Fed. App'x at 242, 2003 WL 22147619, *1 (noting that the district court first "quashed the insufficient service and allowed [the plaintiff] 30 days from the date the order was filed to file proof of sufficient service of process on defendants", and affirming dismissal of complaint when plaintiff failed to properly serve within the thirty days).  I conclude that, because Gila Regional had actual notice of the suit and is not unfairly prejudiced by the delay, and because the 120-day service window has not expired, I must quash the insufficient service and give Osuagwu a limited opportunity to properly serve Gila

Regional through the County Clerk.  And because Gila Regional has otherwise supplied no good reason why I should dismiss the case under Rule 41, I will deny the motion to dismiss.

**IT IS ORDERED** that Osuagwu's *Motion for Default Judgment* [Doc. 17] is DENIED;

**IT IS FURTHER ORDERED** that Gila Regional's *Motion to Dismiss* [Doc. 16] is DENIED; that the Return of Service [Doc. 14] is QUASHED; and that Osuagwu shall have thirty days from the filing of this Order to obtain an alias summons, properly serve Gila Regional with the Amended Complaint through the County Clerk, and file proof of sufficient service of process.

**DATED** this 25th day of April 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Dr. Chinonyerem Osuagwu, *pro se*
6240 Indian School Rd. NE, # B325
Albuquerque, NM 87110

*Attorneys for Defendant Gila Regional:*

Candace J Cavanaugh
Butt Thornton & Baehr PC
4101 Indian School Rd. NE, # 300S
Albuquerque, NM 87110