IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINONYEREM OSUAGWU,

    Plaintiff,

v.                                        CIV. NO. 11-0001 MV/DJS

GILA REGIONAL MEDICAL CENTER;
JOHN DOE; JANE DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery and for Sanctions **[Doc. No. 58]**, filed on August 9, 2011, and fully briefed on September 15, 2011. Plaintiff moves the Court for an order compelling Defendant to fully respond to his discovery requests. Plaintiff contends Defendant's answers to certain Interrogatories and Requests for Production are improper, incomplete, unsatisfactory, deliberatively evasive and in violation of the rules of discovery. Defendant counter that Plaintiff's requests are irrelevant to the issues in the case and also seek protected information. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and will be **DENIED**.

**Relevance of Discovery Sought**

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth." *Taylor v. Illinois*, 484 U.S. 400, 430, 108 S.Ct. 646 (1988). Under Rule 26(b)(1) of

the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350, 98 S.Ct. 2380 (1978).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  FED.R.CIV.P. 26(b)(1).

"[W]hen a party objects that discovery goes beyond that relevant to the claims or defenses, 'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.'"  *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir.2009)(quoting FED.R.CIV.P. 26 advisory committee's note (2000)).  "[T]he actual scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."  *Id*.

Moreover, under Rule 26(b)(2),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED.R.CIV.P. 26(b)(2)(C)(iii).  The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including

one or more of the following: (A) forbidding the disclosure or discovery." FED.R.CIV.P. 26(c)(A).

**Plaintiff's Discovery Requests**

### Interrogatories Nos. 16 and 30

Interrogatory No. 16 requests: "Considering that hospitals and other health care entities consult the National Practitioner Data Bank to ascertain the records of potential employees and those applying for clinical privileges, do you believe that such a report as that submitted to the National Practitioner Data Bank on the adverse action taken against the Plaintiff by Dr. Remillard is capable of ruining the professional reputation of the Plaintiff?" Doc. No. 51, pp. 49-49.  Plaintiff contends the interrogatory is intended to ascertain if the Defendant did indeed conduct an effective and lawful peer review and seeks Defendant's view on the consequences of the Adverse Action Defendant took against Plaintiff. Pl.'s Mem. Support of Mot. Compel at 7 (Doc. No. 59)

Defendant objected to Interrogatory No. 16 on the grounds "it seeks to improperly and impermissibly shift the burden of proof from the Plaintiff to the Defendant" and "calls for speculation and requires a legal conclusion which this Defendant is not qualified to render." *Id.*, p. 49.

Interrogatory No. 30 asks "If you, the Defendant discover, after exercising due diligence, that you took Adverse Action against the Plaintiff without affording him due process and based on your decision on false testimony, are you willing to expunge the Adverse Report from the National Practitioner Data Base, and pay adequate Compensation to the Plaintiff for pain and suffering?" Doc. No. 51, p. 58.

Defendant objected to Interrogatory No. 30 on the grounds "it improperly and impermissibly seeks to shift the burden of proof from Plaintiff to the Defendant" and "it is unknown if reports made to NPDB can/will be expunged by NPDB." *Id*. Defendant also objected on the basis that "whether or not Plaintiff is entitled to compensation for pain and suffering is a question for the jury to decide." *Id.*

The Court finds that Defendant has fully responded to Interrogatory Nos. 16 and 30. Accordingly, Plaintiff's motion to compel as to these interrogatories is denied.

### Interrogatories Nos. 20, 24, 25, 26, 27 and 28

Interrogatory No. 20 asks, "During the incomplete fair hearing session held on December 15, 2008, did Dr. Kleinman (an experienced general surgeon) in any way or form suggest that the bowel injury in patient #41872, allegedly caused by the Plaintiff during laparoscopy, was more likely sustained at a previous surgery in which Dr. Nwachukwu was the primary surgeon?" *Id.*, p. 51.

Defendant objected to Interrogatory No. 20 on the basis "it is a matter of outside the personal knowledge of the defendant and could only properly be within the personal knowledge of Dr. Kleinman and plaintiff, who was present at the hearing." *Id.*, p. 52. Defendant further objected to Plaintiff's use of the word "incomplete" commenting the Fair Hearing session was completed. Defendant also noted it had provided Plaintiff with the transcript of the Fair Hearing session.

Interrogatory No. 24 asks "is it possible, based on current medical knowledge that the pain complained about by patient #186208 after the laparoscopic surgery by Plaintiff on November 8, 2008, was in fact gas pains from the laparoscopic surgery instead of bowel injury?" *Id.*, p. 54.

Defendant objected to Interrogatory No. 24 on the grounds "it requires a medical expert opinion which defendant is not qualified to render" and "calls for speculation." *Id.*, p. 55. Defendant also noted it had not retained an expert.

Interrogatory No. 25 asks "Is peritonitis a commonly expected consequence in a patient with a perforated bowel, occurring from surgical instrumentation?" *Id.*

Defendant objected on the basis "it required a medical expert opinion which this defendant was not qualified to render." *Id.*

Interrogatory No. 26 asks "Is it likely that a patient with a perforated bowel will test negative with a Barium-follow-through radiologic study?" *Id.*, p. 56.

Defendant objected on the grounds "it requires a medical expert opinion which defendant is not qualified to render" and "calls for speculation and conjecture." *Id.* Defendant also noted it had not retained any experts.

Interrogatory No. 27 asks "After you have performed due diligence, by studying the relevant patients' records and obtaining expert opinion and so on, are you able to determine that it is possible that patient #196208 and patient #41872 were in fact not injured during laparoscopy by the Plaintiff?" *Id.*

Defendant objected on the grounds it "requires a medical expert opinion which this defendant is not qualified to render." *Id.*, p. 57. Again, Defendant noted it had not retained any experts.

Interrogatory No. 28 asks "Is it possible that patient #196208 and patient #41872 may have suffered bowel injury in the hands of other surgeons other than Plaintiff?" *Id.*

Defendant objected on the basis "it requires a medical expert opinion which defendant is not qualified to render" and "calls for speculation and conjecture." *Id.* Defendant also noted it had not retained any experts.

Defendant properly objected to Plaintiff's interrogatories as they call for speculative answers and require expert medical opinions. Accordingly, Plaintiff's motion to compel is denied as to Interrogatories Nos. 24, 25, 26, 27 and 28. As to Interrogatory No. 20, Plaintiff has a copy of the Fair Hearing session and thus this information is available to him. The motion to compel as to Interrogatory No. 20 also is denied.

### Interrogatories Nos. 19 and 23

Interrogatory No. 19 asks "Is there a connection, however remote, between this civil action (11-CV-001 MV-DJS) and the civil action (No. 2010-045) filed by GRMC against Dr. Chinonyerem Osuagwu in a New Mexico State district court for Breach of Contract and Unjust Enrichment?" *Id.*, p.51.

Defendant objected on the grounds of relevancy and, without waiving its objection, answered there was no connection. Moreover, Defendant stated Plaintiff knew the reason the Breach of Contract was brought against him.

Interrogatory No. 23 asks "Is the Defendant aware that there is currently a judicial dispute between the Plaintiff ( Dr. Chinonyerem Osuagwu) and Dr. Victor Nwachukwu to release certain financial documents in order to settle financial accounts eventuating from the period when the Plaintiff shared medical offices with Dr. Victor Nwachukwu in 2008 and January 2009?" *Id.*, p. 54.

Defendant objected on the grounds of relevancy and, without waiving its objection, answered it was aware of the dispute.

Defendant has fully answered these interrogatories.  Accordingly, Plaintiff's motion to compel as to Interrogatories Nos. 19 and 23 is denied.

**Request for Production Nos. 1 and 13**

As a preliminary matter, the Court notes Defendant's general objection to several of Plaintiff's requests for production as being an improper use of requests for production as they sought information and not documentation and thus Plaintiff had exceeded his maximum limit of thirty interrogatories.  *See e.g.* Requests for Production Nos. 6, 7,8, 10, 11, 12, and 19 (Doc. No. 51).  However, as noted below, the Court is not compelling Defendant to respond to these requests for production for other reasons.

Request for Production No. 1 requests "each and every document containing statements by any person or persons who have information pertaining to this civil action." *Id.*, p. 62.

Request for Production No. 13 requests "If any person or persons has or have given any statement or testimony, either in writing, electronic or other media, concerning this civil action, please provide exact, unedited (possibly signed and dated) copies of such statement or testimony." *Id.*, p. 68.

Defendant objected on the grounds that Request for Production No. 1and 13 sought information protected by the attorney/client privilege and/or work product doctrine and may be immune by from disclosure pursuant to the New Mexico Review Organization Immunity Act. *Id.*  In addition, Defendant referred Plaintiff to the Fair Hearing transcript and responded it was not in possession of any other written statements as to Request for Production No. 1.  As to Request for Production No. 13, Defendant responded it had nothing responsive to the request.  Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 1 and 13 is denied.

**Request for Production Nos. 3, 14 and 17**

Request for Production No. 3 requests "a complete list of each member of these committees which participated in the peer review of the Plaintiff in 2008/2009:  (a) the Peer Review Committee; (b) the Medical Executive Committee; (c) the Board of Trustees. " *Id.*, p. 63.

Defendant responded there was no "such list" and noted Plaintiff knew the identity of the members of a, b, and c.  *Id.*  Moreover, Defendant provided the names of the Board of Trustees in its response.  Thus, Defendant has fully responded to Request for Production No. 3.  Accordingly, Plaintiff's motion to compel is denied as to this request for production.

Request for Production No. 14 requests "minutes of every session held by every committee or persons in connection with the peer review of the Plaintiff."  *Id.*, p. 69.

Defendant responded Plaintiff was already in possession of the minutes requested and had fully responded to this request.  Accordingly, Plaintiff's motion to compel as to this request for production is denied.

Request for Production No. 17 requests "each and every documented complaint, if any, by any member of the staff of Gila Regional Medical Center, including but not limited to doctors, nurses, physiotherapists, orderlies, cooks, lab technicians, security personnel, administrative staff and clerks, alleging any professional misconduct or unethical behavior on the part of the Plaintiff even as a private individual.  Such a complaint but bear at a minimum: (a) the complainant's name, (b) the complainant's contact information, (c) original unedited text describing the allegations, (d) the date of the complaint, and (e) the complainant's signature." *Id.*, p. 70.

Defendant objected on the grounds that New Mexico's Review Organization Immunity Act provides protection to individuals who participate in peer review proceedings and ensures that the information created or collected during such a proceeding and the deliberations of the peer review participants are protected from disclosure. *Id.*, p. 71. Nonetheless, Defendant referred Plaintiff to the thirteen patient files which were reviewed during the peer review process and were the basis for suspension of plaintiff's privileges. *Id.*, p. 72. Defendant contends it has fully responded to this request. Accordingly, Plaintiff's motion to compel as to this request for production is denied.

### **Request for Production Nos. 2 and 12**

Request for Production No. 2 requests "a complete list of assets owned by Gila Regional Medical Center and Grant county . . ., including but not limited to, banking checking accounts, bank savings accounts, money market accounts, stocks, bonds, real estate, equities, commodities." *Id.*, p. 63. Plaintiff seeks this information "to aid in execution or judgment." Doc. No. 59, p. 11.

Request for Production No. 12 requests "a complete list of all law suits, civil and criminal in which the Defendant has been named as a party in the past fifteen (15) years." Doc. No. 51, p. 68.

Defendant objected to Request for Production Nos. 2 and 12 on the grounds the requests sought confidential and proprietary information, were overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In its response, Defendant represented to the Court that it had fully responded to Request for Production No. 12. Accordingly, this request for production is no longer at issue.

On opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 648, 651 (D.Kan. 2004). "' This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'" *Id.* (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D.Kan. 2002)). Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing. *See St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511-13 (N.D.Iowa 2000).

In this case, Defendant has not met its burden of showing that Plaintiff's Request for Production No. 2 is overbroad and unduly burdensome. In its response to Plaintiff's motion to compel, Defendant argues it has a "compelling privacy interest in such financial information." Doc. No. 61, p. 4. Defendant argues the Court should deny this request until Plaintiff makes a prima facie showing of an entitlement to an "execution or judgment." *Id.*

Although the Court finds that Defendant's financial information is relevant to Plaintiff's punitive damages claim, the Court will delay discovery of this financial information until a time closer to trial. Plaintiff should not be prejudiced by the delay as the financial information should be more current then. A protective order would also allay any concerns Defendant may have regarding confidentiality of the disclosed information.

**Request for Production Nos. 6, 7, 8, 10 and 11**

Request for Production No. 6 requests information regarding Dr. Dehyle, the outside reviewer of the thirteen cases in question. Plaintiff seeks Dr. Dehyle's name, medical speciality,

10

business and home address, telephone number, updated curriculum vitae and a copy of all Dr. Dehyle's medical licenses since becoming a physician.

Defendant asserts it did not employ Dr. Dehyle and thus has no responsive information to this request. Because Plaintiff can request this information from Dr. Dehyle and because Defendant does not have this information it has fully responded to this request.

Request for Production No. 7 seeks the names of all the nurses who worked in the Labor and Delivery Department at GMRC from February 1, 2008 to February 1, 2009. *Id.*, p. 65.

Defendant objected to Request No. 7 on the grounds it was an interrogatory rather than a proper request for production. Nonetheless, Defendant fully responded to Request for Production No. 7 in its response to Plaintiff's motion to compel. Doc. No. 61, p. 5.

Request for Production No. 8 seeks "the latest contact information . . . for the twelve patients allegedly mismanaged by the Plaintiff." Doc. No. 51, p. 65. Request for Production No. 10 seeks "a complete list of all the patients managed by Dr. Gregory Koury in the labor and delivery department of Gila Medical Regional Center in 2008." *Id.*, p. 66. Request for Production No. 11 seeks "a complete list of all patients who had surgery of any kind performed on them by Dr. Victor Nwachukwu as primary surgeon or assistant during the year 2008, accompanied by all medical records of said patients in the custody, control or possession of the Defendant." *Id.*

Defendant contends the information sought in these requests for production are completely irrelevant to these proceedings. Defendant objected to Request for Production Nos. 8, 10 and 11 on the grounds the requests are irrelevant and seek information which is in direct violation of HIPPA and is therefore protected. Defendant cites to 45 C.F.R. §164.512(e)(1)(i)(A) in support of its objection that Plaintiff failed to follow the specific

requirements for disclosing protected health information in response to subpoenas, discovery or other lawful processes.

Under 45 C.F.R. §164.512(e)(1)(i)(A), a covered entity may disclose protected health information if the covered entity receives satisfactory assurance that the party seeking information has made reasonable efforts to provide notice to the individual whose information is being sought. Specifically, 45 C.F.R. §164.512(e)(1)(ii)(A) states:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>
> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

In response to Defendant's contention that Plaintiff had failed to follow the specific requirements for disclosing protected health information in response to discovery, Plaintiff argues it is a "covered entity" and did not have to follow the requirements of 45 C.F.R. §164.512(e)(1)(ii)(A). The Court disagrees. In this case, Defendant is the "covered entity" and Plaintiff is "the person seeking information." Nonetheless, the information sought is relevant. However, Plaintiff must follow the requirements set forth in 45 C.F.R. §164.512(e)(1)(ii)(A). Thus, at this juncture, the Court will deny Plaintiff's motion to compel as to Request for Production Nos. 8, 10 and 11.

**Request for Production Nos. 9, 15 and 18**

Request for Production No. 9 requests a copy of Plaintiff's personnel file. *Id.*, p. 66. Defendant responded it had not employed Plaintiff and thus no personnel file exists. Nonetheless, Defendant will produce Plaintiff's credentialing file.

Request for Production No. 15 requests "a set of the complete credentialing package utilized by GRMC to assess the eligibility of physicians for clinical privileges at the facility." *Id.*, p. 69. Defendant responded Plaintiff's credentialing file constitutes GRMC's complete credentialing package. Accordingly, Defendant has fully responded to Request for Production No. 15.

Request for Production No. 18 requests "a copy of the unedited audio recording made by the attorney to the Defendant of the special meeting of the Board of Trustees on February 4, 2009, where the final decision regarding adverse action against the Plaintiff was made." *Id.*, p. 71. Defendant responded "no audio tape exists." Thus, Defendant has fully responded to Request for Production No. 18.

**Request for Admissions**

Plaintiff asserts Carrie Young, Defendant's "designated Respondent," perjured herself in responding to Plaintiff's requests for admission. Doc. No. 59, pp. 27-30.

In its response to Plaintiff's motion to compel, Defendant responded it stood by its original responses. Defendant did clarify its response to Request for Admission No. 11 explaining it may have read the request too broadly. Request for Admission No. 11 states:

> Please admit that the Plaintiff, Dr. Chinonyerem Osuagwu, was NEVER at any time during his peer review by agents of the Defendant, interviewed directly by the Medical Executive Committee, or otherwise *given the opportunity to discuss, explain or refute the facts that made the basis of the suspension* of his clinical privileges before the Medical Executive Committee as provided by GRMC By-Laws.

Doc. 51, p. 27. Defendant admits that Plaintiff was not interviewed by the Medical Executive Committee but denies Plaintiff had no opportunity to discuss, explain or refute the facts regarding the suspension of this clinical privileges throughout the peer review process.

### Depositions

Defendant raised the issue of having its witnesses deposed in Albuquerque even though the deponents live in Silver City, New Mexico and Tucson, Arizona. As Defendant pointed out, no depositions have been set. Thus, the Court will not entertain this matter at this time.

### Sanctions

Plaintiff requests the Court sanction Defendant for "providing misleading and intentional false Responses." The Court denies Plaintiff's request.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**