**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHINONYEREM OSUAGWU, M.D.,**

    **Plaintiff,**

v.                                                 **No. 11-cv-0001 MV/SMV**

**GILA REGIONAL MEDICAL CENTER,
JOHN DOE,
JANE DOE,
GREGORY KOURY, M.D.,
DON WHITE, M.D.,
MICHAEL SERGEANT, M.D.,
RONALD DEHYLE, M.D.,
JEAN REMILLARD, M.D., and
MARK DONNELL, M.D.,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Extend Time to Respond to Defendants' Discovery Objections [Doc. 170] ("Motion to Extend"), and Plaintiff's Motion to Compel Discovery and Proper Expert Witness Disclosure, and for Sanctions Against Defendants – Jean Remillard, Gregory Koury, Michael Sargeant, Mark Donnell, Ronald Dehyle, and Don White; and Mr. Kevin Banville [Doc. 171] ("Motion to Compel"), both filed November 13, 2012. Plaintiff seeks an order compelling Defendants to answer interrogatories and requests for production to which they objected. Motion to Compel [Doc. 171] at 16. Plaintiff also asserts that an expert report provided by Defendants is deficient because it is unsigned. Plaintiff asks the Court to compel Defendants to produce the original expert report. *Id.* at 16–17. Defendants have not served responses to the Motions, and none is required. The Court, being fully advised

in the premises, FINDS that Plaintiff's Motion to Extend [Doc. 170] should be denied, and that Plaintiff's Motion to Compel [Doc. 171] should be granted in part and denied in part.

### I.  The Court will not extend the time period for Plaintiff to file his Motion to Compel.

A party served with objections to discovery must file a motion to compel within 21 days after service of the objections, and failure to do so constitutes acceptance of the objections. D.N.M.LR-Civ. 26.6.  The individual Defendants served their objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents on August 15, 2012. Defendants['] . . . Certificate of Service [Doc. 130].  Plaintiff filed his Motion to Compel on November 13, 2012, [Docs. 170 and 171], well past the 21-day time period allowed by the Local Rules.  Plaintiff has failed to show good cause for extending the time period.  Plaintiff's Motion to Extend [Doc. 170] is therefore denied.

### II.  The Court will order Defendants to serve an expert report that complies with Fed. R. Civ. P. 26(a)(2)(B).

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that the disclosure of an expert witness "must be accompanied by a written report."  The report must be signed by the expert who produced it.  Fed. R. Civ. P. 26(a)(2)(B); *see also Neiberger v. Fed Ex Ground Package System, Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009).  The expert report provided to Plaintiff is unsigned.  *See* Motion to Compel [Doc. 171] at 24 (final page of the expert report). Defendants shall provide Plaintiff with a signed expert report within ten days of entry of this Order.  Failure to do so may result in the expert being stricken from Defendants' witness list. *See* Fed. R. Civ. P. 37(c)(1).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Extend [Doc. 170] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Doc. 171] is **GRANTED IN PART and DENIED IN PART**, as follows:

(a) Defendants shall not be compelled to respond to the interrogatories and requests for production to which they objected;

(b) Defendants shall provide a signed copy of Dr. Mark Kestner's expert witness report to Plaintiff within ten days of entry of this Order; and

(c) Plaintiff's request for sanctions is denied.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**