IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINONYEREM OSUAGWU, M.D.,

    Plaintiff,

v.                                                               No. 11-cv-0001 MV/SMV

GILA REGIONAL MEDICAL CENTER,
JOHN DOE,
JANE DOE,
GREGORY KOURY, M.D.,
DON WHITE, M.D.,
MICHAEL SERGEANT, M.D.,
RONALD DEHYLE, M.D.,
JEAN REMILLARD, M.D., and
MARK DONNELL, M.D.,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT DON WHITE'S MOTION TO COMPEL DISCOVERY**

THIS MATTER is before the Court on Defendant Don White's Motion to Compel Discover [Doc. 176] ("Motion"), filed on November 21, 2012. Plaintiff responded on November 28, 2012. Plaintiff's Response in Opposition to Defendant Don White's Motion to Compel Discovery [Doc. 179] ("Response"). On December 3, 2012, Defendant replied. Reply in Support of Motion to Compel [Doc. 183] ("Reply"). The Court, having reviewed the briefing, record, and relevant law, and being fully advised in the premises, finds that the motion is partially well-taken and should be GRANTED IN PART and DENIED IN PART.

Defendant White seeks an order compelling Plaintiff to produce documents withheld in response to Defendant's Request for Production No. 19. Motion [Doc. 176] at 1. In the alternative, Defendant moves to compel production of a privilege log so that Defendant may

assess whether the work-product doctrine applies to the documents in question.  *Id*.  The Request for Production and Plaintiff's Response are as follows:

> REQUEST NO. 19: Copies of any notes, journals, emails, videos, and/or diaries you have made regarding this case.
>
> RESPONSE:  The Plaintiff objects to this Request as these articles are part of his work product, and are therefore not discoverable.

Motion, Exhibit C [Doc.176-3] at 2.

In his Response to the Motion, Plaintiff states that he has no responsive document that has not already been produced.  Response [Doc. 179] at 2–3, 6.  However, Defendant correctly points out that Plaintiff's Response to the Request for Production differs from the argument raised in the Response brief.  *See* Reply [Doc. 183] at 2.  Plaintiff's Response to the Request for Production suggests that he possesses responsive documents that he is seeking to protect from discovery, whereas his Response to the Motion to Compel states that he has no responsive documents that have not already been produced.  *Compare* Response to Request for Production No. 19 [Doc. 176-3] at 2, *with* Response to Motion To Compel [Doc. 179] at 2–3.  The Court agrees that Plaintiff's Response to Request for Production No. 19 is ambiguous and needs to be clarified.  The Court will order Plaintiff to serve a supplemental response.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Don White's Motion to Compel [Doc. 176] be **GRANTED IN PART and DENIED IN PART**.  If Plaintiff has no document responsive to Request for Production No. 19 that has not already been produced through discovery, Plaintiff shall serve a supplemental response to that effect

within 10 days from entry of this order.  Defendant's request for a privilege log is **DENIED**.

Plaintiff's request for sanctions is **DENIED**.[1]

    **IT IS SO ORDERED.**

                                                      **STEPHAN M. VIDMAR**
                                                    **United States Magistrate Judge**

---

[1] Plaintiff's request for sanctions is contained in the Conclusion section of his Response to the Motion to Compel.  *See* Response [Doc. 179] at 6.  As such, it is in violation of Fed. R. Civ. P. 7(b)(1), which states, "A request for a court order must be made by motion."