IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHINONYEREM OSUAGWU,**

    **Plaintiff,**

vs.                                        **No. 11-cv-001 MV/SMV**

**GILA REGIONAL MEDICAL**
**CENTER; JEAN REMILLARD, M.D.;**
**GREGORY KOURY, M.D.;**
**MICHAEL SERGEANT, M.D.;**
**MARK DONNELL, M.D.;**
**RONALD DEHYLE, M.D.;**
**DON WHITE,**

    **Defendants.**

## ORDER GRANTING DEFENDANTS' MOTION TO AMEND THEIR ANSWERS

**THIS MATTER** is before the Court on Defendant/Physicians Jean Remillard's, Gregory Koury's, Michael Sergeant's, Mark Donnell's, Ronald Deyhle's, and Don White's joint Motion for Leave to Amend Their Answers to Add Three Affirmative Defenses, filed August 13, 2012 [Doc. 127]. The motion is brought pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and D.N.M.LR-Civ 16.1. My authority to rule on this non-dispositive matter is set forth in 28 U.S.C. § 636(b)(1)(A). *See Franke v. ARUP Labs, Inc.*, No. 10-4045, 390 F. App'x. 822, 828, 2010 WL 3245179, *5 (10th Cir. Aug. 16, 2010) (unpulished) (noting that a "motion to amend [is] a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)"). I will grant the motion.

    Defendants were added as parties to this suit on March 5, 2012, after the Court permitted Plaintiff to file a second amended Complaint. *See* [Docs. 86, 90]. Under the May 24, 2012 Scheduling Order, Defendants had until July 6, 2012, to seek leave to amend their pleadings. *See*

[Doc. 113] at 1. Counsel for Defendants have presented evidence demonstrating that, on June 1, 2012, counsel requested a copy of the Bylaws for Gila Regional Hospital, but counsel did not receive a complete copy of those Bylaws until July 30, 2012. *See* [Doc. 127] at 4, Exs. E, F. Upon reading the complete copy, counsel for Defendants discovered that the Bylaws contain provisions providing for absolute immunity from suit for physicians like the Defendants under certain conditions. *See* [Doc. 127], Ex. D (copy of relevant provisions).[2] In their untimely motion to amend their answer, Defendants seek to invoke these provisions as affirmative defenses in amended answers. *See* [Doc. 127], Exs. A–C (proposed additional affirmative defenses).

Motions to amend an answer, when filed after the deadline set forth in a scheduling order, may be analyzed under both Rules 15 and 16 of the Federal Rules of Civil Procedure. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (affirming district court's order permitting untimely amendment of answer to assert affirmative defense and noting that under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.") (internal quotation marks omitted). "Typically, courts will find prejudice [under Rule 15] only when an amendment unfairly affects

---

[2] I express no opinion regarding whether the portion of the Bylaws the Defendants have submitted are, in fact, taken from the Bylaws in effect at the time Plaintiff applied for, and was granted, privileges to practice at Gila Regional. Defendants mention that the portion of the Bylaws that Plaintiff had filed into the record of this case differs from Bylaws in their possession when they requested a complete copy from counsel for Gila Regional, and the parties' communications indicate that the Bylaws that Gila Regional sent to Defendants were from the time when Plaintiff was "peer reviewed." [Doc. 127], Ex. F at 1–2.

non-movants 'in terms of preparing their [response] to the amendment.'" *Id.* (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006)).

Rule 16 contains an "arguably more stringent standard than the standards for amending a pleading under Rule 15" because it "only allows such amendments for 'good cause.'" *Id.* at 1231. Although the Tenth Circuit has not squarely decided the issue of "whether Rule 16 applies to a post-deadline amendment to a pleading," *see id.* at n.9, the Tenth Circuit has noted that there is a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Id.* at 1231. Thus, applying the Rule-16 standard often leads to the same outcome as applying the Rule-15 standard. *See id.* at 1231–32.

Plaintiff expends much energy briefing why he believes the affirmative defenses will not ultimately be successful. *See* Plaintiff's Response in Opposition to Defendants['] . . . Motion for Leave to Amend . . . [Doc. 133] at 15–25. However, that is not the issue at this time. Rather, I must decide whether there is good cause for Defendants' delay. Although counsel for Defendants could have been more aggressive in obtaining the Bylaws that were not in their control or possession, I find that the Defendants have established good cause for failing to timely seek to amend their answers. Further, the five-week delay in asserting the affirmative defenses has not unfairly prejudiced the Plaintiff, as depositions had not been taken and discovery had not ended when Defendants filed the motion to amend.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' motion to amend their answers [Doc. 127] is **GRANTED**; and the amended answers shall be filed within five days of the filing of this Order.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**