IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHINONYEREM OSUAGWU,

    Plaintiff,

vs.                                                  No. 11cv001 MV/SMV

GILA REGIONAL MEDICAL
CENTER; JEAN REMILLARD, M.D.;
GREGORY KOURY, M.D.;
MICHAEL SERGEANT, M.D.;
MARK DONNELL, M.D.;
RONALD DEHYLE, M.D.;
DON WHITE,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

**THIS MATTER** is before the Court on Plaintiff Chinonyerem Osuagwu's[1] Motion for Sanctions against the Defendants and the law firm of Rodey, Dickason, Sloan, Akin & Robb, P.A., filed November 28, 2012 [Doc. 180]. The motion is brought pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, and seeks mandatory withdrawal of certain motions filed by the Defendants and other "appropriate sanctions." Doc. 180 at 14. My authority to rule on this non-dispositive matter is set forth in 28 U.S.C. § 636(b)(1)(A). *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir.1995) (noting that, in determining a magistrate judge's authority to rule on a motion for sanctions, "'[t]he penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority.' 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 72.04[2.-4], at 72-66 (2d ed. 1994). Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order

---

[1] Although he was proceeding pro se when he filed this motion, Mr. Osuagwu is now represented by counsel.

falls under Rule 72(a) rather than Rule 72(b). *See id.; see generally Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988)").[2] I will deny the motion.

Rule 11(c) "sanctions are appropriate when an attorney files documents with the court for an improper purpose, advances frivolous arguments, or makes unsupported allegations." *Drain v. Accredited Home Lenders Inc.*, No. 06-2096, 219 Fed. App'x 791, 795, 2007 WL 756438, *4 (10th Cir. 2007). Plaintiff contends that Defendants, through their counsel Kevin Banville of the Rodey firm, have unnecessarily complicated and protracted the litigation in this case by submitting various motions unsupported in law or fact that violate Federal Rule of Civil Procedure11, and that the offending motions must be withdrawn.

Plaintiff first contends that Defendants' motion to dismiss Plaintiff's Second Amended Complaint based on a statute-of-limitations bar is frivolous because Defendants did not cite to, or recognize the clear application of, the relation-back doctrine set forth in Federal Rule of Civil Procedure 15. *See* Doc. 180 at 4. Defendants respond that Plaintiff's mere disagreement with their legal position does not provide a basis for sanctions. *See* Doc. 182 at 3. The record reflects that the Court denied the Defendants' motion to dismiss on February 25, 2013. *See* Feb. 25, 2013 Memorandum Opinion and Order ("Feb. 25, 2013 MOO") (Doc. 216)[3] at 13-14. The Court noted

---

[2] *But see Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 -85 n.7 (10th Cir. 2000) (stating, "there is some disagreement whether a magistrate judge may only recommend Rule 11 sanctions under § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) subject to de novo review by the district court, or may actually order such sanctions as a nondispositive pretrial matter under § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) subject to more deferential appellate-type review. This court has not decided the question, though we have recognized that magistrate judges may order nondispositive discovery sanctions. *See Hutchinson*, 105 F.3d at 566; *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir.1995)").

[3] The Court issued two opinions on February 25, 2013.

that Plaintiff had timely filed his motion to amend his complaint, which had originally named most of the individual Defendants and set forth allegations regarding their actions in the body of the complaint; that Defendant Gila Regional had objected[4] to permitting its amendment; that, but for the Court's delay in ruling on Defendant's objections, the Second Amended Complaint would have been filed within the applicable limitations period; and that the individual Defendants "clearly" were not prejudiced by the delay in filing because they had been aware of the claims against them and had already permitted Gila Regional to represent them in its motion for summary judgment, in which it argued that it and its agents were entitled to qualified immunity under HCQIA. *See id.* The Court concluded that "the Second Amended Complaint relates back to the date of the filing of the original Complaint." *Id.* at 14.

Plaintiff contends that Defendant Deyhle's motion for summary judgment, in which Defendant Deyhle argued that he was not a state actor and that conclusive evidence demonstrated that he did not participate in the Plaintiff's peer review, should be withdrawn and sanctions imposed because it is frivolous, especially in light of Defendant Remillard's representation to the National Practitioner Data Bank that the Board did, in fact, rely on Deyhle's expert opinion in permanently suspending Plaintiff's hospital privileges. Doc. 180 at 11-12. The record reflects that, while addressing a separate motion, the Court granted summary judgment on all of Plaintiff's claims against Defendant Deyhle "because there is nothing in the record to show that [he] may have acted

---

[4] The Court noted that, in its objection to amendment, "Gila Regional does not complain of undue delay, bad faith, dilatory motive, failure to cure deficiencies, or undue prejudice," but contended only that, if it was entitled to immunity under HCQIA (as asserted in its pending motion for summary judgment), amendment to add the individual Defendants would be futile. Feb. 24, 2012 MOO at 2-3 (granting motion to amend because amendment should be "freely granted" in the circumstances and Gila Regional's objection was speculative).

3

in bad faith or with malice," and therefore, he was entitled to absolute immunity under Article XIV of Gila Regional's Medical Staff Bylaws, to which Plaintiff had agreed to be bound, and dismissed Deyhle's separate motion for summary judgment as moot. Feb. 25, 2013 MOO (Doc. 215) at 1.

Plaintiff contends that Mr. Banville was either incompetent or deliberately lied in the Defendants' motion to amend their answers by stating that he "could not reasonably have had access to the Medical Staff By-laws at the time he answered the Plaintiff's complaint and so was unaware of the specific provisions in the By-laws that prohibited the Plaintiff from filing suit against the Defendants." Doc. 180 at 5. Plaintiff contends that Banville's submission of the Defendants' original answers, which specifically referred to the Bylaws, demonstrated that he had access to them, and that the motion is "belated" and "futile." *Id.* at 13. In response, Banville contends that "Plaintiff's position lacks merit" because the motion to amend the answers has merit. Doc. 182 at 4. The record reflects that I granted the Defendants' motion to amend their answers, finding that, although "counsel for Defendants could have been more aggressive in obtaining the Bylaws that were not in their control or possession, . . . Defendants have established good cause for failing to timely seek to amend their answers." Dec. 10, 2012 Order at 3 (Doc. 191).

Next, Plaintiff contends that, by filing a successive motion for summary judgment (Doc. 168) that duplicated the arguments presented in a previous motion for summary judgment (Doc. 160), Banville sought to harass him and unnecessarily multiply the costs of the litigation, and the successive motion should be withdrawn. *See* Doc. 180 at 13. Defendants respond that they did not duplicate the motion. *See* Doc. 182 at 4. But the record reflects that the Court has found that Defendants did, in fact, file a duplicative motion, and that "[t]his double-briefing of the same issue

4

violates the rules and places a heavy burden on the Court and on the pro-se litigant, and the Court could *sua sponte* strike it." Feb. 25, 2013 MOO at 1, n.1 (Doc. 216).

I conclude that the requested sanction of withdrawal of these four motions is not possible because all of them have been considered and ruled on. I further conclude that no other "appropriate sanctions" are warranted for the Defendants having filed their motion to dismiss, motion to amend answers, and Deyhle's motion for summary judgment because none of them was wholly frivolous. Although other sanctions based on the refusal to withdraw the duplicate motion for summary judgment would be theoretically appropriate, Plaintiff has not had counsel until recently, so he did not incur attorney fees for responding to that motion, and he does not suggest what other sanctions would be appropriate. While I in no way condone the practice of filing duplicative motions, I will not impose other sanctions at this time. I warn counsel, however, that any further acts that needlessly and unreasonably multiply the proceedings in this case may result in sanctions under 28 U.S.C. § 1927 or the Court's inherent power to sanction bad-faith behavior.

**IT IS ORDERED**, **ADJUDGED, AND DECREED** that Plaintiff's Motion for Sanctions [Doc. 180] is **DENIED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**