IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHINONYEREM OSUAGWU,

    Plaintiff,

vs.                                                                                                                    No. 11cv1 MV/SMV

GILA REGIONAL MEDICAL
CENTER; JEAN REMILLARD, M.D.;
GREGORY KOURY, M.D.; and
DON WHITE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on *Defendant Gila Regional Medical Center, Jean Remillard, M.D., Gregory Koury, M.D., Michael Sergeant, M.D., Mark Donnell, M.D., and Don White's Motion for Summary Judgment*, filed December 20, 2012 [Doc. 197][1]. Having considered the record and undisputed facts, the parties' briefs, and the applicable law, I will deny the motion. This is the second time that Gila Regional has filed a motion for summary judgment contending that it and its agents are entitled to immunity under the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101 to 11152 ("HCQIA"), and the Review Organization Immunity Act ("ROIA"), NMSA 1978, §§ 41-9-1 to -7 (1979). In its first motion for summary judgment, Gila Regional contended that it and "the six potential defendants," were "immune from suit" under HCQIA and ROIA. As set forth in my March 27, 2012 Memorandum Opinion and Order ("MOO),

> Pro se Plaintiff Dr. Chinonyerem Osuagwu sued Gila Regional and several individuals under 42 U.S.C. § 1983 for damages and injunctive relief, alleging violation of his due-process rights, defamation, and intentional infliction of emotional distress. He alleges that Gila Regional, through the actions and conduct of Don White (the Chairman of its Board of Trustees); Dr. Jean Remillard (its Chief

---

[1] Dr. Sergeant and Dr. Donnell have been dismissed as Defendants in this case. *See* Feb. 25, 2013 Memorandum Opinion and Order at 1.

> Medical Officer); the individual members of its internal Peer Review Committee ("PRC"); the members of its Medical Executive Committee ("MEC"); the members of its Fair Hearing Committee ("FHC" or "panel"); and Ronald Dehyle, an Outside Peer Reviewer, violated his civil rights when, without a reasonable belief that their actions were warranted by known facts, without a reasonable effort to obtain facts, and without following the process due to Plaintiff, the MEC and Board of Trustees temporarily and then indefinitely suspended his medical privileges and imposed harsh requirements for regaining those privileges, and Dr. Remillard filed notice of that adverse action with the National Practitioner Databank and the New Mexico Medical Board. Plaintiff also contends that the Defendants have tortiously damaged his reputation and intentionally inflicted emotional distress. The basis of Gila Regional's motion for summary judgment is that it, its committees, and all of the individual defendants, are "immune from suit under the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. §§ 11101–11152 and the Review Organization Immunity Act (ROIA), NMSA 1978 §§ 41-9-1 to -7."[2] Doc. 57 at 1.

March 27, 2012 MOO at 1-2. In a footnote, I noted that,

> [t]he Court recently granted Plaintiff's motion for leave to amend his complaint to add the named individuals referred to in his original complaint and some additional allegations. *See* Doc. 86. Perhaps in anticipation that the Court would grant the motion to amend, both parties cited to some of the exhibits attached to Plaintiff's motion to amend and his reply in support of their arguments related to summary judgment. Gila Regional's motion for summary judgment is not mooted by the filing of the amended complaint because it includes the new Defendants in its arguments, contending that "GRMC, and any person acting as a member of the professional review body, is immune from suit under [HCQIA] . . . ." Doc. 57 at 1.

*Id.* at 1 n.1. Thus, because Gila Regional could act only through its agents, I discussed the evidence the Plaintiff submitted and analyzed the actions of the individual Defendants in the order denying the motion for summary judgment on HCQIA immunity. I concluded:

> . . . Plaintiff has presented undisputed and compelling evidence showing, as a matter of law, that the MEC and the PRC did not make "a reasonable effort to obtain the facts" of the specific cases during his temporary suspensions. *See* 42 U.S.C. § 11112(a)(2). As noted, *supra*, the MEC and PRC did not give Dr. Oswagwu post-suspension specific notice of the cases they were investigating that caused them to initially believe that he may be putting patients in imminent danger within 5 days of the suspensions, as required by the bylaws, nor did it give him an opportunity to defend his actions or to learn exactly what he was being accused of so that he could

---

.

try to put to rest these concerns before the MEC imposed its second, indefinite suspension without notice or a hearing.

I also find and conclude that the MEC did not impose its December 30, 2008 suspensions and disciplinary actions, or make these recommendations as permanent sanctions to the Board "in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement" of providing the Plaintiff with a fair hearing.  42 U.S.C. § 11112(a)(3), (4).  As noted above, the MEC gave no reasons for ignoring the recommendations of its PRC and its FHC, both of which had conducted a more thorough review of the hospital records than had the MEC members, nor did it give any reasons for recommending imposition of its extremely harsh sanctions.

I also conclude that the MEC, FHC, and Board of Trustees all failed to take action only "after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances."  Id. § 11112(a)(3), (4).  As noted, the December 15, 2008 hearing was not procedurally fair in that Plaintiff was not given a fair opportunity to confront and cross-examine the anonymous physicians who prepared the peer-review forms accusing Plaintiff of violating the standards of care upon which the FHC relied at least in part, and because the FHC panel was not impartial because Gila Regional's CMO – who holds a position of power over all of the physicians who participated in the disciplinary proceedings – served as Plaintiff's accuser, investigator, prosecutor, and one of his judges.  The Board's February 2, 2009 hearing was not fair because the Board considered evidence not presented at the December 15, 2008 hearing and heard new testimony that Plaintiff was not permitted to defend against.  Gila Regional's bylaws provided fair procedures for determining the reasonableness and propriety of imposing severe sanctions that will negatively affect Plaintiff for the rest of his professional career, but the record demonstrates that Gila Regional, through its MRC, PRC, FHC, and Board did not follow those procedures.

Because the undisputed evidence in the record conclusively demonstrates that the peer-review action did not meet the standards specified by Congress in 42 U.S.C. § 11112(a)(2), (3), and (4), I conclude that Gila Regional and the individual members of its MEC, PRC, FHC, and Board who have now been added as Defendants are not "immune from [Plaintiff's] private damage claims stemming from the peer review action."  *Brown*, 101 F.3d at 1333.  Similarly, I conclude that the undisputed evidence conclusively demonstrates that these Defendants did not "act in the reasonable belief that [their] actions or recommendations [were] warranted by the facts known to [them] after reasonable efforts to ascertain the facts is made."  NMSA 1978 §§ 41-9-2, -4; *Leyba v. Renger*, 114 N.M. 686, 689, 845 P.2d 780, 783 (1992) ("The NMROIA reflects a reasoned balance between the competing needs of the public for frank and accurate review of a physician's qualifications and the needs of physicians being credentialed for a fair and impartial review process.").

March 27, 2012 MOO at 34-36.

Neither Gila Regional nor the individual Defendants mention or refer to the March 27, 2012 MOO in their brief-in-chief[3]. Instead, they set out only the undisputed facts demonstrating that the individual Defendants were members of the various peer-review and fair-hearing committees. They have not met their summary-judgment burden because none of these facts discuss whether there is a genuine issue of material fact regarding the reasonableness of their beliefs that their various negative actions were warranted by the facts known after reasonable effort to obtain facts, and after meeting the requirement of providing the Plaintiff with a constitutionally fair hearing under the circumstances. *See* 42 U.S.C. § 11112(a)(2), (3), and (4). They make the erroneous and unsupported conclusory statement that "[t]here is no evidence that Defendants deliberately suspended Plaintiff's privileges without sufficient basis or that they deliberately created false reports regarding Plaintiff's medical care." Doc. 197 at 2-3, 6. They also newly contend, without analysis, that the arguments set out on pages 31-48 of their cross-motion for summary judgment on Plaintiff's claims entitle them to summary judgment on the state-law claims for damages under a HCQUIA and ROIA analysis. *See* Doc. 197 at 2, 5-6. Those referenced pages contain their repeated arguments that the Defendants did not violate the Plaintiff's due-process rights. I rejected those arguments in

---

[3] In their reply brief, the Defendants seek to distinguish this motion from their previous motion by stating that the previous motion dealt only with the § 1983 claims, and this motion deals with immunity from damages on the state-law claims. *See* Doc. 205 at 2. But their first motion for summary judgment did not indicate that the Defendants sought summary judgment only on the § 1983 claims; the Defendants insisted that they were "immune from suit" – which would include all claims. It appears that Defendants are seeking to take a second bite of the apple because their first motion was so insufficient. As the Court has previously admonished the Defendants, this practice of dealing with the same issues *seriatim* is unacceptable and could result in monetary sanctions against counsel. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

...

my December 21, 2012 and February 25, 2013 MOOs. *See* Feb. 25, 2013 MOO at 14-27 (Doc. 216)[4]; Dec. 21, 2012 MOO at 6-23; 25-34.

I adopt and incorporate into this MOO my statements of undisputed facts, findings, and conclusions set forth in the March 27, 2012 MOO, in the two opinions and orders issued on February 25, 2013, and in the December 21, 2012 MOO. I again conclude that the undisputed evidence in the record conclusively demonstrates that the peer-review action did not meet the standards specified by Congress in 42 U.S.C. § 11112(a)(2), (3), and (4), and that Gila Regional and the individual members of its MEC, PRC, FHC, and Board are not immune from the private-damage claims stemming from the peer review action. I also again conclude that the undisputed evidence conclusively demonstrates that these Defendants did not "act in the reasonable belief that [their] actions or recommendations [were] warranted by the facts known to [them] after reasonable efforts to ascertain the facts is made." NMSA 1978 §§ 41-9-2, -4; *Leyba v. Renger*, 114 N.M. 686, 689, 845 P.2d 780, 783 (1992).

**IT IS ORDERED** that the Defendants' motion for summary judgment [Doc. 197] is DENIED.

**DATED** this 8th day of May, 2013.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[4] The individual Defendants have filed an interlocutory appeal of my ruling denying their motion for summary judgment on the issue of qualified immunity under § 1983, *see* Doc. 223, but no stay of these proceedings has been imposed.

*Attorneys for parties*:

*Attorneys for Plaintiff:*

Bryan J. Davis
Davis & Gilchrist, P.C.
124 Wellesley SE
Albuquerque, NM 87106

*Attorneys for Defendant Gila Regional:*

Candace J Cavanaugh
Butt Thornton & Baehr PC
4101 Indian School Rd. NE, # 300S
Albuquerque, NM 87110

*Attorneys for the Individual Defendants*:

Kevin J. Banville
Seth Sparks
Shannon Sherrell
Thomas Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Post Office Box 1888
Albuquerque, NM 87103