**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHINONYEREM OSUAGWU

      Plaintiff,

v.                                                                                              No. 01:11-CV-00001-MV/SMV

GILA REGIONAL MEDICAL CENTER,
et al.,

      Defendants.

**CONFIDENTIALITY ORDER**

      THIS MATTER having come before the Court upon the Motion of Third Party Lovelace Health System, Inc. for a Protective Order or Alternatively for Entry of a Confidentiality Order, the parties having appeared by and through their respective counsel, and the Court having reviewed the proposed form of Confidentiality Order (the "Order"), the Court finds that the Order is well-taken and hereby orders:

      1.      This Order shall govern the use and dissemination of all information, documents or materials that are produced by any party (the "Producing Party") to any other party or parties in this action and designated by the Producing Party as Confidential Information.

      2.      The term "Confidential Information" means any information, document or material, interrogatory answer, admission, pleading or testimony that the Producing Party reasonably and in good faith believes requires protection under this Order. The designation shall be made by affixing on the first page of the document or material containing such information a legend that in substance states, "CONFIDENTIAL."

3.  Within ten (10) business days of receipt of information, documents or material from a Producing Party, any party may designate the information, documents or materials as Confidential Information if that party reasonably and in good faith believes the designation is required and the designation was not made by the Producing Party. For purposes of this Order, once a party has designated Confidential Information, that party will be treated as if it were a Producing Party.

4.  Within ten (10) business days of receipt of an initial deposition transcript, counsel for any party may advise opposing counsel of the specific pages and lines in which any confidential information appears and all such counsel shall then treat the designated pages and lines as Confidential Information. Counsel for parties to this action may have immediate access to such deposition transcript, but shall treat the entire transcript as Confidential Information for ten (10) days after receipt by counsel for all parties.

5.  Confidential Information may be disclosed only to:

    a.  this Court and its personnel;

    b.  counsel of record for the parties and employees of these counsel who have direct working responsibilities in connection with this litigation;

    c.  the parties to this litigation and in-house counsel for the parties, who are required to provide assistance in the conduct of this litigation;

    d.  the present or former officers, directors, partners and employees of any party to this litigation, who are required to provide assistance in the conduct of this litigation and nonparty consultants, investigators, experts or opinion witnesses employed by any party to this litigation to assist in

the preparation and trial of this litigation, provided that such persons are first advised of, and agree to be bound by, the provisions of this Order, and sign a "Confidentiality Acknowledgment," in the form attached hereto as **Exhibit 1**. Counsel for the disclosing party shall maintain each original, signed Confidentiality Acknowledgment and provide it to the Producing Party upon demand. If any individual is shown to have violated the terms of this Order at any time, he or she is subject to being held in contempt by this Court in addition to any other appropriate sanction or remedy; and

    e.    Any deponent may be shown or examined on any Confidential Information if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, has knowledge of or information relevant to the subject matter described therein, is employed by the party who produced the Confidential Information, or if the producing party consents to such disclosure. This subparagraph 5(e) does not limit a party's right to discovery by deposition.

6.    Where any Confidential Information is included in any Court filing, such filing shall be marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER in <u>Chinonyerem Osuagwu v. Gila Regional Medical Center,</u> No. 01:11-CV-00001-MV/SMV," and filed and held under seal pursuant to the Court's electronic filing procedures.

7.    Confidential Information shall not be used or disclosed for any purpose other than for preparation and trial of this litigation and/or of any appeal therefrom.

8. If a party in good faith objects to the designation as Confidential of any information, documents, material or deposition testimony, the objecting party shall submit to the Producing Party a written objection to the designation within thirty (30) business days of:

    a. receipt of information, documents or material from a Producing Party under paragraph 2 of this Order;

    b. designation of information, documents or material as Confidential under paragraph 3 of this Order; or

    c. designation of deposition testimony as Confidential under paragraph 4 of this Order.

If no such written objection to the Confidential designation is made within the time periods set forth herein, the objection will be deemed moot and waived.

9. Should any party timely object to a Confidential designation, the objecting party and Producing Party shall, within ten (10) business days of service of the written objection called for in the preceding paragraph, confer concerning the objection. If the objection is not resolved, the objecting party shall, within ten (10) business days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the objection will be deemed moot and waived. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation.

10. Nothing in this Order shall be deemed to restrict in any manner the use by the Producing Party of any of its own Confidential Information, so long as such Confidential Information has been produced to opposing counsel; however, if the Producing Party acts in a

manner inconsistent with this Order by intentionally making public any Confidential Information, the protections of this Order shall be deemed waived with respect to such Confidential Information.

11. Inadvertent failure to designate any information as Confidential Information shall not constitute a waiver of any otherwise valid claim for protection.  At such time as a claim of inadvertent failure to designate is made, the parties shall designate as Confidential all copies of Confidential Information and all documents containing Confidential Information not previously designated.

12. If any party to this action or counsel for any party to this action receives notice of any subpoena or other compulsory process commanding production of Confidential Information protected under the terms of this Order, counsel for such party shall immediately notify the Producing Party in writing and shall not produce the Confidential Information (unless otherwise ordered by a court of competent jurisdiction) until the Producing Party has had at least ten (10) days in which to take appropriate steps to protect the material.

13. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Order, notwithstanding the termination of this action.

14. Within thirty (30) days after conclusion of this action, including the exhaustion of all appeals, all Confidential Information produced in this litigation (other than exhibits at the official court of record) shall be destroyed.  Any party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for the Producing Party within thirty (30) days after the conclusion of this action.

                          THE HONORABLE STEPHAN M. VIDMAR

                          *[signature]*

                          United States Magistrate Judge

**JOINTLY SUBMITTED**
**AND APPROVED BY:**

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By  */s/ Eric R. Burris*
    Eric R. Burris
    Adam E. Lyons
    201 Third Street NW, Suite 1700
    Albuquerque, NM 87102
    Telephone:  (505) 244-0770
    Facsimile:  (505) 244-9266
    *Attorneys for Third Party*
    *Lovelace Health System, Inc.*


DAVIS, GILCHRIST & LEE, P.C.


By  *Electronically Approved 8/13/13*
    Bryan J. Davis
    124 Wellesley Drive SE
    Albuquerque, NM 87106
    Telephone:  (505) 435-9908
    Facsimile:  (505) 435-9909
    *Attorneys for Plaintiff Chinonyerem Osuagwu*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  *Electronically Approved 8/13/13*
    Kevin J. Banville
    Seth Sparks
    P.O. Box 1888
    Albuquerque, NM  87103
    Telephone:  (505) 765-5900
    Facsimile:   (505) 768-7395
    *Attorneys for Defendants Don White, Gregory Koury, and Jean Remillard*


BUTT THORNTON & BAEHR PC


By  *Electronically Approved 8/13/13*
    Candace J. Cavanaugh
    4101 Indian School Rd. NE
    Suite 300S
    Albuquerque, NM  87110
    Telephone:  (505) 884-0777
    Facsimile:   (505) 889-8870
    *Attorneys for Defendant Gila Regional Medical Center*