IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHINONYEREM OSUAGWU,**

    Plaintiff,

vs.                                                                                          No. 11cv1 MV/SMV

**GILA REGIONAL MEDICAL CENTER;**
**JEAN REMILLARD, M.D.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Defendants' untimely *Joint Motion to Dismiss Plaintiff's Claims for Defamation and Intentional Infliction of Emotional Distress*, filed June 14, 2013 [Doc. 240]. Having considered the parties' submissions, the relevant law, and the record, the Court will deny the motion.

Defendants, who are a county-owned hospital and its former CMO - and who are neither state agencies, arms of the state, nor state employees – contend that this Court does not have supplemental subject-matter jurisdiction over the Plaintiff's state-law claims because "New Mexico's sovereign immunity generally precludes suits against the state or state officials," and "claims for IIED or defamation are not among those enumerated types of claims" for which the State's "sovereign immunity" has been waived under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, §§ 41-4-5 to -12, as amended. Doc. 240 at 1.

Plaintiff responds that:

> [t]he NMTCA is not a jurisdictional bar to these claims. Rather it is an affirmative defense to liability which Defendants unequivocally waived by their self-admitted failure to raise the defense in any pleading, the Joint Status Report, the Pre-Trial Order, or anywhere else until almost six months after the

> December 20, 2012 dispositive motions deadline and almost a year after the July 6, 2012 deadline for Defendants to amend the pleadings. Defendants misplace reliance on Eleventh Amendment jurisprudence and ignore the weight of authority on states' tort claims acts that sovereign immunity is an affirmative defense that must be properly and timely raised or is waived like any other affirmative defense under Federal Rule of Civil Procedure 8(c)

Doc. 241 at 1-2. Because the parties have not cited, and the Court has not found, a New Mexico Supreme Court case that addresses the specific issue whether a county and its employees may waive the immunity from liability provided by the NMTCA, the Court must make an "*Erie*-guess" as to how the New Mexico Supreme Court would rule on the issue. *See Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 900-901 & n. 1 (10th Cir. 2005). "[W]hen making an *Erie*-guess in the absence of explicit guidance from the state courts, we must attempt to predict state law, not to create or modify it." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1228 (10th Cir. 2001).

> When making an *Erie* guess, we are "free to consider all resources available, including decisions of [New Mexico] courts, other state courts and federal courts, in addition to the general weight and trend of authority." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1228 (10th Cir. 2001) (emphasis added) (*quoting Schuchmann*, 235 F.3d at 1225) (internal quotation marks omitted); *see MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1265 (10th Cir. 2006) (considering "the general weight and trend of authority" in discerning how the highest court of the State at issue might rule).

*Latham v. Bd. of Educ. of Albuquerque Pub. Schs.*, NO. 11-2217, 489 Fed. App'x 239, 244, 2012 WL 2855781, **4 (10th Cir. Jul 12, 2012) (unpublished); *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994) (explaining that the objective is to ascertain and apply state law to reach a result that would be reached in the highest state court). Luckily, as discussed below, the New Mexico Supreme Court's analysis regarding the distinction between sovereign immunity and immunity from liability is well settled, so the Court's task is not a difficult one, and the Court need not announce a new common-law rule. Having carefully reviewed New Mexico's

substantive law as expressed by its highest court and by certain of its more recent lower-appellate-court opinions, the Court concludes that the Defendants have conflated the concepts of sovereign immunity and immunity from liability and have erroneously attempted to apply Eleventh-Amendment principles to the factually-distinguishable scenario at bar.

The New Mexico Supreme Court has made clear that the NMTCA did not reinstate the common-law doctrine of sovereign immunity, which is *immunity from suit*, and which historically applied only to the State. Instead, the Legislature enacted a statute that provides only *immunity from liability* for all governmental entities and public employees, with certain exceptions:

> In New Mexico, the doctrine of sovereign immunity was abolished in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975). In response, our state legislature enacted the Tort Claims Act, NMSA 1978, §§ 41–4–1 to –27 (Repl.Pamp. 1989). Section 41–4–4 grants *a governmental entity and any public employee acting within the scope of duty immunity from liability for any tort except as waived elsewhere in the Act*. Section 41–4–2 explains:
>
>> A. ... [T]he area within which the government has the power to act for the public good is almost without limit, and therefore government should not have the duty to do everything that might be done. Consequently, it is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act.

*Electro-Jet Tool Mfg. Co., Inc. v. City of Albuquerque*, 114 N.M. 676, 677, 845 P.2d 770, 772 (1992) (italics added). The New Mexico Supreme Court subsequently distinguished the concepts of constitutional sovereign immunity, as expressed in the Eleventh Amendment, and common-law sovereign immunity, which it had abolished in the *Hicks* opinion:

> In both *Gill*, 2004–NMSC–016, ¶¶ 5–6, 135 N.M. 472, 90 P.3d 491, and its predecessor, *Cockrell v. Bd. of Regents of N.M. State Univ.*, 2002–NMSC–009, ¶ 14, 132 N.M. 156, 45 P.3d 876, this Court made clear that *constitutional* sovereign immunity is rooted in concepts of federalism, the Eleventh Amendment, and the compact between states and the federal government inherent

in the U.S. Constitution, all of which reserve to the states certain inherent powers of sovereignty. As a principle of federalism, constitutional sovereign immunity circumscribes the power of the U.S. Congress to create statutory rights and enforce them against the states absent their consent. In *Cockrell*, we held that the state's constitutional sovereign immunity, a derivative of the U.S. Constitution, can only be waived by our state legislature and not the courts. 2002–NMSC–009, ¶ 14, 132 N.M. 156, 45 P.3d 876.

*Common-law* sovereign immunity on the other hand, being a creation of the common law, is court-made law. As this Court made clear in *Hicks*, courts are very much able to expand, contract, or eliminate altogether common-law sovereign immunity, subject of course to the power of the state legislature to codify immunity in its place. 88 N.M. at 589–90, 544 P.2d at 1154–55. Without digressing into a full-fledged discussion of the difference between constitutional sovereign immunity and common-law sovereign immunity, it is apparent from both *Cockrell* and *Gill* that the two are distinct in their meaning, origin, and effect.

*State ex rel. Hanosh v. State ex rel. King*, 147 N.M. 87, 89-90, 217 P.3d 100, 102-03 (2009).

Since that time, the New Mexico Supreme Court has consistently distinguished between statutes that afford immunity from liability, and which do not concern the court's subject-matter jurisdiction, and those that afford immunity from suit, which are jurisdictional in nature, noting that the New Mexico Legislature has expressly made the same distinction:

In *Carrillo*, we discussed the reasoning of the Court of Appeals in *Allen*[1] and reiterated the significance of the distinction between immunity from suit and immunity from liability. *Carrillo*, 114 N.M. at 614, 845 P.2d at 137; *accord Carmona v. Hagerman Irrig. Co.*, 1998–NMSC–007, n. 5, 125 N.M. 59, 957 P.2d 44.

---

[1] The Court of Appeals in *Allen* held that the NMTCA merely "provides a defense to liability, but not absolute immunity to suit, by stating: 'A governmental entity and any public employee while acting within the scope of duty are *granted immunity from liability* from any tort except as waived by Sections 41-4-5 through 41-4-12 NMSA 1978.'" *Allen v. Bd. of Educ. of Albuquerque*, 106 N.M. 673, 675, 748 P.2d 516, 518 (Ct. App. 1987) (italics in original).

> *. . . . Unlike the Legislature's grant of immunity from liability under the Tort Claims Act* discussed in *Allen*, the Legislature has provided that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." Section 37–1–23(A) (emphasis added). The plain language of Section 37–1–23(A), by granting "immunity from actions" based on unwritten contracts, suggests a legislative intent to establish an entitlement on the part of the government not to stand trial or face the other burdens of litigation for actions based on unwritten contracts. *See Whitely v. New Mexico State Personnel Bd.*, 115 N.M. 308, 311, 850 P.2d 1011, 1014 (1993) (stating that "the plain language of the statute [is] the primary indicator of legislative intent"). Similarly, we have previously held "that the issue of governmental immunity [under Section 37–1–23(A) ] is jurisdictional in nature," *Spray v. City of Albuquerque*, 94 N.M. 199, 201, 608 P.2d 511, 513 (1980), and that one of the purposes of immunity for actions based on unwritten contracts rests on the difficulty of determining, without reference to a written instrument, whether a governmental agency is authorized to enter into the contract, *see Garcia v. Middle Rio Grande Conservancy Dist.*, 1996–NMSC–029, ¶ 17, 121 N.M. 728, 918 P.2d 7. We determine, then, that Section 37–1–23(A) protects the important governmental interest of avoiding the burdens of a trial on the merits and that this interest will otherwise evade meaningful appellate review absent application of the collateral order doctrine. Thus, we conclude that interlocutory determinations concerning sovereign immunity under Section 37–1–23(A), *contrary to determinations of sovereign immunity under the Tort Claims Act,* are generally subject to the collateral order doctrine.

*Handmaker v. Henney*, 128 N.M. 328, 333, 992 P.2d 879, 884 (1999) (italics added). Thus, as the New Mexico Court of Appeals has aptly pointed out,

> the mere fact that recovery may be limited does not mean that the State is entitled to complete immunity from suit. . . . . That is, whether Plaintiffs have stated a claim for which relief can be granted, or as here, for which there is no remedy because the State alleges that it has immunity from liability, is a legally different question from whether sovereign immunity exists or whether the district court has subject matter jurisdiction over the case.

*Ping Lu v. Educ. Trust Bd. of N.M.*, 293 P.3d 186, 190 (Ct. App. 2012) (rejecting "sovereign immunity argument[s] raised by the State").

In their brief-in-chief Defendants rely only on cases discussing a state's sovereign immunity and Eleventh Amendment immunity – which do not apply to statutory immunity from liability - to contend that, even though their motion to dismiss is untimely and they never raised

the defense in their answer or the pre-trial order, they can raise it "at any time." After the Plaintiff properly pointed out to the Court the case of *Hern v. Crist*, 105 N.M. 645, 648 (Ct. App. 1987), a case from the New Mexico Court of Appeals that is favorable to the Defendants, *see* Doc. 241 at 4 (explaining why the Court should not rely on *Hern*), the Defendants insisted in their Reply brief that "a motion asserting NMTCA immunity can never be considered untimely," citing *Hern*. *See* Doc. 245 at 1. *Hern* acknowledges that the defense of immunity under the NMTCA is "an affirmative defense," but stated that "a claim of immunity may also be raised for the first time on appeal." 105 N.M. at 648. But all of the cases on which *Hern* relies for that proposition refer either to the doctrine of common-law sovereign immunity (which was abolished by *Hicks*) or to Eleventh-Amendment sovereign immunity, which are not the same as immunity from liability.

A defense of immunity from liability under the Tort Claims Act is an affirmative defense. *See Garcia–Montoya v. State Treasurer's Office*, 130 N.M. 25, 29, 16 P.3d 1084, 1088 (2001); *cf. Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 403, 806 P.2d 40, 52 (1991) (noting that the defense of absolute immunity also "is an affirmative defense"). Considering the New Mexico Supreme Court cases that specifically analyze the NMTCA and distinguish immunity from liability from sovereign immunity[2], the Court concludes that the statement in *Hern* that the affirmative defense of immunity from liability may be raised at any time, even for the first time on appeal, is contrary to current New Mexico Supreme Court law and to recent Court of Appeals cases cited above. *Hern* is also contrary to a Court of Appeals opinion noting that immunity from liability under a similar statute is an affirmative defense that may be waived by a

---

[2] The Court notes that many cases from the New Mexico courts written before the Supreme Court distinguished the terms of art "sovereign immunity" and "immunity from liability" in the cases cited above conflated those terms and often used the words "sovereign immunity" to express any type of governmental immunity.

governmental entity.  *See Doe v. Hendricks*, 92 N.M. 499, 501, 590 P.2d 647, 649 (Ct. App. 1979).  In *Hendricks*, the Court of Appeals upheld the trial court's legal conclusion that, where the City presented no evidence on the issue of waiver under the former Peace Officers Liability Act (which "protected police officers from liability while in the performance of a public duty," and which was repealed when the NMTCA was enacted, *see Schear v. Bd. of Cty. Com'rs*, 101 N.M. 671, 672-73, 687 P.2d 728, 729-30 (1984)), the "City elected to waive the defense."  *Id.*  The Supreme Court of Texas also has held that its governmental entities also may waive the defense of immunity from liability provided by its similar Tort Claims Act, explaining,

> [i]mmunity from liability and immunity from suit are two distinct principles. Immunity from liability protects the state from judgment even if the Legislature has expressly consented to the suit.  Like other affirmative defenses to liability, it must be pleaded or else it is waived.  Immunity from liability does not affect a court's jurisdiction to hear a case.

*Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999).  *See also, City of Birmingham v. Business Realty Inv. Co.*, 722 So.2d 747, 750 (Ala. 1998) (holding that a city could waive a similar statutory defense that limited the liability of municipalities to liability for injuries caused by enumerated activities by failing to plead it as an affirmative defense).

The Court concludes that the New Mexico Supreme Court would hold that, just as a governmental entity or public employee has no right to an interlocutory appeal of an order rejecting a claim of immunity from liability under the NMTCA because it does not raise a jurisdictional issue, *see Handmaker*, 128 N.M. at 333, 992 P.2d at 884, the entity or public employee may waive the NMTCA's protections against liability for damages by failing to timely raise them.  Clearly, and by their own admissions, the Defendants failed to timely raise the defense in almost four years of litigation and multiple motions to dismiss, and have failed to show good cause for permitting amendment of their answer to assert the defense.  *See Ahmad v.*

*Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006). The Plaintiff was prejudiced by the delay in raising the defense because he decided to try to get to trial faster by dismissing his § 1983 claims based on defamation and intentional infliction of emotional distress, believing that he could continue to prosecute the defamation and intentional infliction of emotional distress claims under the Court's supplemental jurisdiction. *See* Doc. 241 at 7-8 & attachments. Defendants may not eliminate the Plaintiff's opportunity to present his defamation claim to a jury by waiting until the eleventh hour to raise its affirmative defense. Thus, if the Court had concluded that the Defendants could raise the affirmative defense of immunity from liability at any time as a matter of subject-matter jurisdiction, the Court would have permitted the Plaintiff to withdraw his dismissal of those claims under § 1983.

**IT IS ORDERED** that the Defendants' motion to dismiss (Doc. 240) is DENIED.

**DATED** this 4th day of September, 2013.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

*Attorneys for parties*:

*Attorney for Plaintiff Chinonyerem Osuagwu:*

Bryan J. Davis
124 Wellesley SE
Albuquerque, NM 87106


*Attorneys for Defendant Gila Regional:*

Candace J Cavanaugh
Butt Thornton & Baehr PC
4101 Indian School Rd. NE, # 300S
Albuquerque, NM 87110

*Attorneys for the Individual Defendants*:

Kevin J. Banville
Seth Sparks
Shannon Sherrell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Post Office Box 1888
Albuquerque, NM 87103